FILED

November 18, 2015

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 2:30 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

David Bucher ) Docket No. 2015-05-0184
)
v. )
) State File No. 43268-2015
Diversco/ABM Industries, Inc. )
)
)
Appeal from the Court of Workers' )
Compensation Claims )
Dale Tipps, Judge )

---

**Affirmed and Remanded – Filed November 18, 2015**

---

The employee in this interlocutory appeal alleges that lifting five-gallon buckets at work caused an inguinal hernia. The employer denied the claim, asserting there was no proof that the alleged injury arose primarily out of the employment. Following an expedited hearing, the trial court ordered the employer to initiate medical benefits, but denied the employee's request for payment of past medical expenses and temporary disability benefits. The employee has appealed the denial of past medical expenses and temporary disability benefits. After a careful review of the record, we affirm the trial court's decision and remand the case for such additional proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

David Bucher, Manchester, Tennessee, employee-appellant, pro se

David Deming, Nashville, Tennessee, for the employer-appellee, Diversco/ABM Industries, Inc.

## Factual and Procedural Background

David W. Bucher ("Employee") is a sixty-year-old resident of Coffee County, Tennessee, who began working for Diversco/ABM Industries, Inc. ("Employer"), in

1

August 2014. On April 14, 2015, he was lifting five-gallon buckets in the usual course of his employment when he felt a pain in his groin.[1] Employee's supervisor testified he found Employee in the supply room in obvious pain and holding his side. According to the supervisor, he asked Employee whether he had injured himself at work, but Employee did not answer at that time. Employee testified that his supervisor told him to go to the hospital. Employee completed his shift before going to the emergency room at Saint Thomas Rutherford Hospital ("Saint Thomas"). He did not return to work due to sickness until April 17, 2015, at which time he told his supervisor that he was continuing to have pain.

Medical records of Employee's April 14, 2015 visit to Saint Thomas are not included in the record on appeal. Upon Employee's return to work, Employee discussed the cause of his abdominal pain with his supervisor and informed him that he was suffering from a virus and that he might have strained himself while vomiting. The supervisor thought Employee might have injured himself at work and questioned Employee concerning whether he had injured himself at work. Although Employee initially told his supervisor that he had not injured himself at work, he subsequently said that he might have. According to the supervisor, Employee eventually told him he had injured himself lifting five-gallon buckets but was afraid that if he reported a work injury he would lose his job. The supervisor suspected that Employee might have a hernia and told Employee to go to the hospital. According to Employee, his supervisor told him to go to Vanderbilt University Medical Center ("Vanderbilt") in Nashville.

Employee was seen in the emergency department at Vanderbilt on April 19, 2015. Records of the Vanderbilt visit were not admitted into evidence at the expedited hearing, but records of other medical providers indicate Employee was diagnosed with an inguinal hernia while at Vanderbilt. On April 22, 2015, Employee called an ambulance due to his pain and was transported to Saint Thomas. Medical records of this visit were not admitted into evidence. However, subsequent medical records from Employee's hospitalization at the Medical Center of Manchester ("Manchester Medical Center") indicate Employee was referred by someone at Saint Thomas to Dr. Robert Durgin who administered an inguinal block on April 23, 2015.

On May 8, 2015, Employee experienced an episode of severe pain and called an ambulance to transport him to Manchester Medical Center. During his hospitalization he saw Dr. James VanWinkle for a surgical consult. The record of the consultation states that Employee presented with complaints of nausea, vomiting, right lower quadrant pain, and weight loss, all of which Employee reported had begun three weeks earlier. It additionally states that Employee reported to Dr. VanWinkle that his abdominal pain

---

[1] Because no transcript of the hearing was provided, we have gleaned the facts from the trial court's expedited hearing order and the exhibits admitted into evidence at the expedited hearing.

"started on April 14th, and he states he lifts buckets at work." Employee followed up with Dr. VanWinkle on May 15, 2015, at which time the doctor palpated a right inguinal hernia and recommended surgical repair. Employer refused to authorize the surgery. Employee has not had surgery, and he has not returned to work. He filed a petition for benefit determination on May 29, 2015.

Following an expedited hearing, the trial court issued an order on October 6, 2015 requiring Employer to pay for a medical evaluation by Dr. VanWinkle "for the purpose of obtaining an opinion on the medical causation of [Employee's] inguinal hernia." The trial court ordered that if medical causation is established, Employer "shall provide continuing, reasonable and necessary care with Dr. VanWinkle."[2] The trial court denied Employee's request for payment of his past medical expenses and temporary disability benefits, concluding that Employee "has not come forward with sufficient evidence from which the Court may conclude he is likely to prevail at a hearing on the merits of this issue." Employee appeals the trial court's order, stating as the basis for relief on appeal, "[Employee] asked for payment of past medical expenses [and] temporary disability benefits."

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

---

[2] Employer does not challenge the trial court's decision requiring it to pay for the medical evaluation or to provide medical care if causation is established. Thus, we need not address the issue.

## Analysis

Two significant defects hamper Employee's appeal. First, we have not been provided with a record of the testimony presented during the expedited hearing, and no statement of the evidence has been filed. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2015). Secondly, Employee has not provided a statement of the issues on appeal, nor has he submitted a brief or position statement on appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(1) (2015). Either of these defects can render an appeal ineffective, but the combination of the two can seldom be overcome by an appellant.

The trial court heard the testimony of Employee and his supervisor at the expedited hearing, and the court relied on that testimony in deciding the case. Without a record of the testimony the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. None of the medical records address causation or the reasonableness and necessity of the medical expenses Employee incurred for treatment of his condition. Neither the medical records nor the additional trial exhibits include sufficient information to support an award of temporary disability benefits. Consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

The second defect in this appeal is Employee's failure to identify the issues on appeal or to state the basis for relief on appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(1) (2015). In the part of the notice of appeal requesting the appellant to "[p]rovide a short and plain statement of the issues on appeal or basis for relief on appeal," Employee stated "[Employee] asked for payment of past medical expenses [and] temporary disability benefits." While Employee requested the payment of past medical expenses and temporary disability benefits in his request for expedited hearing, reiterating the request does not present an issue for review or provide any basis for relief on appeal. Employee did not file a brief or position statement and has not made any argument or otherwise explained how the trial court erred in denying his request for past medical expenses or temporary disability benefits.[3] Thus, we have no way of knowing the nature of his contentions on appeal.

---

[3] Section 5.3 of the Workers' Compensation Appeals Board's Practices and Procedures provides that "[i]f the appellant elects to file a position statement in support of an interlocutory appeal, the appellant shall file such position statement with the Clerk of the Court of Workers' Compensation Claims within three (3) business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof."

4

As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as his counsel. The law clearly prohibits us from doing so, as courts on appeal will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to search the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

## Conclusion

For the foregoing reasons, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**

**FILED**

**November 18, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 2:30 P.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| David Bucher | ) | Docket No. 2015-05-0184 |
| | ) | |
| v. | ) | |
| | ) | State File No. 43268-2015 |
| Diversco/ABM Industeries, Inc. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of November, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **David Bucher** | X | X | | | | 3338 Murfreesboro Hwy., Lot 2 Manchester, TN 37355 |
| **David Deming** | | | | | X | ddeming@manierherod.com |
| **Dale Tipps, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov